Argued and submitted August 25, remanded
for further proceedings October 13, 1982

PAILLETTE,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-367; CA A24291)
651 P2d 1087

Jeff Gerner, Salem, argued the cause and filed the brief
for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident
Insurance Fund Corporation, Salem, argued the cause and
filed the brief for respondent State Accident Insurance
Fund Corporation.

Daryl Wilson, Assistant Attorney General, Salem,
waived appearance for respondent Employment Division.

Before Buttler, Presiding Judge, and Joseph, Chief
Judge, and Warren, Judge.

BUTTLER, P. J.

### BUTTLER, P. J.

Petitioner seeks judicial review of the Employment Appeal Board's (EAB) order that affirmed the decision of the referee denying claimant unemployment compensation benefits because she was discharged for misconduct connected with her work. ORS 657.176(2)(a); OAR 471-30-038(3).

■ Petitioner contends, among other things, that the scope of EAB's review is *de novo,* citing *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), and that EAB here reviewed only for substantial evidence. Respondent-employer (SAIF) does not answer that contention directly, but states that EAB "found substantial evidence to support the findings of fact and to reach the conclusions and reasons as set out by the referee." Accordingly, SAIF contends, EAB complied with OAR 471-41-020(1)(d), *infra.*

In *Stevenson v. Morgan, supra,* we held that, because ORS 657.280 provides that the conduct of hearings before the referee and an appeal to EAB shall be in accordance with the regulations prescribed by the administrator of the Employment Division as authorized by ORS 657.610, the scope of review by EAB depends upon rules promulgated by the administrator. We then said:

> "The previous rules promulgated by the administrator provided that '* * * [i]n such review additional testimony will not be heard, nor the matter tried de novo.' Oregon Administrative Rules, ch 471, § 41-010 (July 23, 1962). However, on June 21, 1972, the administrator promulgated a new § 41-010 deleting the language just quoted. We conclude from the foregoing that under the accepted rules of statutory interpretation the scope of review by the Board of decisions of the referee is de novo on the record made before the referee. *See, Swift & Co. and Armour & Co. v. Peterson,* 192 Or 97, 233 P2d 216 (1951)." 17 Or App at 431.

Although OAR 471-41-010 has been amended subsequent to *Stevenson,* no change relevant to the scope of EAB's review has been made. Furthermore, EAB adopted a new rule, OAR 471-41-020, effective February 9, 1976. Subsection (1) of that rule provides:

"The Appeals Board shall enter its decision to affirm, modify, or set aside the findings of the referee, which decision, with the exception of orders and dismissals, shall contain the following:

"(a)  A caption identifying the parties;

"(b)  A statement of jurisdiction;

"(c)  A statement of the issues and law involved;

"(d)  Findings of fact or a statment adopting the findings of the referee;

"(e)  Conclusions based upon the findings of fact or adopt the conclusions of the referee;

"(f)  Decision which sets forth the action to be taken, or adopts by reference the decision of the referee."

Subsection(1)(d) provides that EAB may make its own findings of fact or may state that it adopts the findings of the referee. It seems clear that, if EAB may adopt its own findings of fact, its review is *de novo*.

■      We cannot tell from EAB's decision in this case whether it followed its rule providing for *de novo* review. The disposition of the case states, in its entirety:

"We have reviewed the hearing record and we find there is substantial evidence to support the findings of fact and to reach the conclusions and reasons as set out by the referee."

Although EAB may, under its rule, adopt the findings of the referee, we cannot tell from the decision here whether it did that or whether it considered itself bound by the referee's findings of fact supported by substantial evidence.

Accordingly, we remand the case to EAB for further proceedings consistent with its rule, OAR 471-41-020(1), and with this opinion.